## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **KENSTON L. TAYLOR,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:08-0017** |
| ) | |
| **T.R. CRAIG, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 1, 2008, Petitioner, acting *pro se*,[1] filed a "Motion for Jail Time Credit" in the United States District Court for the Western District of Kentucky. (Document Nos. 1 and 1-3.) By Order entered on January 3, 2008, the Western District of Kentucky construed Petitioner's motion as a Petition seeking relief pursuant to 28 U.S.C. § 2241 and transferred the matter to this District.[2] (Document No. 1-2.) Petitioner challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Document No. 1.) Specifically, Petitioner contends that he is entitled to credit for time spent in custody beginning on March 8, 2004 (date of federal detainer), and ending on June 6, 2005 (day prior to imposition of federal sentence). (Id.) Petitioner was indicted by federal authorities on March 3, 2004, while he was incarcerated on State charges. (Id.) A federal detainer was issued on March 8, 2004. (Id.) On July 9, 2004, Petitioner was transferred to federal authorities pursuant to a Writ of Habeas Corpus *ad Prosequendum*. (Id.) Petitioner completed his State sentence

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Sixth Circuit Court of Appeals denied Petitioner's appeal of the Western District of Kentucky's Order transferring this case to this District. (Document No. 5.)

and was released to the custody of the United States Marshals on September 2, 2004. (Id.) Petitioner's federal sentence was imposed on June 7, 2005.[3] (Id.)

      Petitioner attaches the following documents as Exhibits: (1) Copy of an Order from the Sixth Circuit Court of Appeals affirming the Western District of Kentucky's Order denying Petitioner's Motion for Jail Credit (Document No. 1, pp. 4 - 5.); (2) Copy of the Detainer issued by the Western District of Kentucky on March 8, 2004 (Id., p. 6.); (3) Copy of the Writ of Habeas Corpus *Ad Prosequendum* issued by the Western District of Kentucky (Id., p. 7.); (4) Copy of Petitioner's Request for Administrative Remedy dated June 4, 2007 (Id., p. 8.); (5) Copy of Warden Craig's Response to Petitioner's Administrative Remedy Request dated June 22, 2007 (Id., p. 9.); (6) Copy of Petitioner's Regional Administrative Remedy Appeal dated July 5, 2007 (Id., p. 10.); (7) Copy of Regional Director K.M. White's response dated September 17, 2007 (Id., p. 11.); (8) Copy of Petitioner's Central Office Administrative Remedy Appeal dated October 11, 2007 (Id., p. 12.); (9) Copy of Administrator Harrell Watts' Response dated October 30, 2007 (Id., p. 13.); (10) Copy of Petitioner's "Motion to File Response Out of Time" as filed with the Sixth Circuit (Id., pp. 14 -18.);

---

[3] On February 28, 2005, Petitioner pled guilty in the United States District Court for the Western District of Kentucky to one count of possession with intent to distribute five grams or more of a schedule II controlled substance, cocaine base, in violation of 21 U.S.C. § 841. *United States v. Taylor*, Criminal No. 1:04-0011 (W.D.Ky. June 7, 2005), Document No. 58. On June 7, 2005, the District Court sentenced Petitioner to a 77-month term of imprisonment, to be followed by a four-year term of supervised release. *Id.*, Document No. 64. On May 2, 2006, Petitioner filed a Motion for Jail Credit requesting federal credit for March 8, 2004, through June 7, 2005. *Id.*, Document No. 68. On May 10, 2006, the United States filed its Response. *Id.*, Document No. 69. By Order entered on May 16, 2006, the District Court denied the motion finding that Petitioner had failed to exhaust his administrative remedies. *Id.*, Document No. 70. On May 30, 2006, Petitioner filed his Notice of Appeal. *Id.*, Document No. 71. By Order filed on March 16, 2007, the Sixth Circuit Court of Appeals affirmed the District Court's order denying Petitioner's Motion for Jail Credit. *Id.*, Document No. 82. On November 20, 2007, Petitioner filed his instant Motion for Jail Time Credit, which was subsequently transferred to this District. *Id.*, Document No. 85 and 91.

(11) Copy of letter to Petitioner from the Chief Deputy Clerk of the Sixth Circuit (Id., p. 19.); and

(12) Copy of Petitioner's "Inmate Request to Staff" dated June 12, 2006 (Id., p. 20.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of

collateral consequences,[4] and therefore, his Section 2241 Application must be dismissed.[5] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[4] The undersigned notes that Petitioner was released from custody on March 6, 2010, and his term of supervised release subsequently commenced. Even if the BOP improperly calculated Petitioner's sentence, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and he actually did serve more time in custody than he should have, there would be no collateral consequence as he serves his term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release cannot be reduced.

[5] Notwithstanding the determination above that Petitioner's claims are moot, the undersigned finds his claims to be without merit. The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 334 - 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *also see United States v. Mojabi*, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'doubt credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). In the instant case, the Court finds that Petitioner properly received presentence credit towards his federal sentence for September 2, 2004 (day after expiration of State sentence), through June 6, 2005 (day prior to imposition of federal sentence). *See United States v. Taylor*, Criminal No. 1:04-0011 (W.D.Ky. June 7, 2005), Document No. 68, p. 4. Petitioner was not entitled to federal credit for March 8, 2004 (date of federal detainer), through September 1, 2004 (date State sentence expired), as this time was credited towards his State sentence. The BOP may not grant prior custody credit for time that has been credited against another sentence. *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995)(holding that credit is only available for time spent in custody which has not been credited against another sentence); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief.

the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: October 22, 2010.

R. Clarke VanDervort
United States Magistrate Judge